**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:22-cv-21379-JLK

BRANDON WEBB,

     Plaintiff,

v.

1300 SOUTH MIAMI EMPLOYER, LLC
d/b/a SLS BRICKELL HOTEL &
RESIDENCES,

     Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") (DE 6), filed on May 10, 2022. The Court has also considered Plaintiff's Response (DE 7) and Defendant's Reply (DE 8). This matter is ripe for review.

### I.    BACKGROUND

On October 14, 2021, Plaintiff filed his Complaint in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See* Compl., DE 1-1 at 24. On April 4, 2022, Plaintiff filed his Amended Complaint in state court alleging (1) Race and Color Discrimination in Violation of the Florida Civil Rights Act ("FCRA"), (2) Race and Color Discrimination in Violation of 42 U.S.C. § 1981 ("Section 1981"), and (3) Hostile Work Environment in violation of the FCRA. *See* Am. Compl, *Id.* at 2. On May 3, 2022, Defendant timely removed this action to federal court alleging federal question jurisdiction. *See* Not. of Removal, DE 1.

Plaintiff alleges that he is a Black man who started working for Defendant in February of 2020 as a dishwasher before having his position changed to security guard in October of 2020. Am. Compl. ¶¶ 9–11. Plaintiff alleges he was discriminated against when "[he] was falsely accused of stealing by a Latino chef [and after which] was transferred to security." *Id.* ¶ 13. Further, the chef allegedly "allowed other non-black employees to eat restaurant food but he would not allow Plaintiff to eat restaurant food." *Id.* However, Plaintiff does not allege whether eating at the restaurant was part of his duties or privileges as an employee. Another example of Plaintiff's alleged discrimination is that the hotel manager, a White man, called Plaintiff "Loud" and "Ghetto" and would "stare at Plaintiff for long periods of time over a course of two months . . . [which was] directed only at Plaintiff and not towards the non-black employees." *Id.* ¶¶ 14–15. However, Plaintiff does not make clear when he reported this behavior, how many times he reported it, or the way in which he reported it. The Amended Complaint also does not make clear whether Plaintiff was terminated or continues to work for Defendant.

On May 10, 2022, Defendant moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) arguing that it fails to set forth sufficient factual allegations to state a claim.

## II.    LEGAL STANDARD

Under Federal Rule of Procedure 8(a)(2), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to allege a *prima facie* case for discrimination under the FCRA or Section 1981. Mot. at 6–7; *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Specifically, Defendant argues that the alleged discriminatory comments amount only to "stray remarks" in that they are not based on race. *Id.* Further, Defendant argues that Plaintiff fails to allege an adverse employment action or that any action was made by a decision-maker. *Id.* Plaintiff responds that he does not have to establish a *prima facie* case at this point but must "provide 'enough factual matter (taken as true) to suggest' intentional race discrimination." Resp. at 4–5 (citing *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) (citation omitted)).

The Court agrees that establishing a *prima facie* case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement and therefore Plaintiff's Amended Complaint is not subject to that heightened standard. *See McDonnell Douglas Corp.*. 411 U.S. at 802. However, Plaintiff still "must satisfy the plausibility standards under *Iqbal* and *Twombly*." Mot. at 9 (citation omitted). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). Here, Plaintiff's alleged facts do not meet this standard.

Plaintiff alleges that he "was falsely accused of stealing by a Latino chef[.]" Am. Compl. ¶ 13. This allegation is not supported by any fact that the accusation was made against Plaintiff because of his race. Plaintiff further alleges that the chef "allowed other non-black employees to

eat restaurant food but he would not allow Plaintiff to eat restaurant food." *Id.* While Plaintiff alleges that "non-black employees" were allowed to eat in the restaurant, he does not allege specific facts that this was because of his race. *Id.* Further, Plaintiff also does not allege that eating at the restaurant was part of his employment duties or privileges, and as such there are no factual statements indicating whether this would amount to an adverse employment action.

Plaintiff alleges that Defendant's hotel manager called him "Loud" and "Ghetto" and would also stare at him. *Id.* ¶¶ 14–15. Plaintiff does not allege the dates of when the manager made these comments, how frequently he made them, or where the comments were made. In short, merely stating a person called Plaintiff "Loud" and "Ghetto" and stared at Plaintiff lacks the factual support to state a claim of racial discrimination.

Plaintiff also alleges that a coworker "behaved in an aggressive and disrespectful manner over the radio for months on end." *Id.* ¶ 16. Again, this allegation lacks any factual support as to the time period, frequency, or severity of the alleged comments. Plaintiff alleges that he reported this "harassment" to his direct supervisor who "chose to ignore the Plaintiff while refusing to file a report or take action." *Id.* ¶ 18. The Amended Complaint however does not allege when he made the report to his supervisor, how Plaintiff reported the "harassment" or what exactly he reported.

Plaintiff alleges that he was subjected to a hostile work environment when his supervisor and coworker began "verbally yelling at Plaintiff over the radio system." *Id.* ¶ 20. Plaintiff alleges that he reported the "harassment" of coworkers "yelling at him and using the F word repeatedly in communications" to human resources but they only "told [Plaintiff] that he was too sensitive and needed to learn to communicate better." *Id.* ¶ 23. Again, the allegations of generally referring to yelling and harassment are unsupported by facts.

Plaintiff alleges that his supervisor was unhappy that Plaintiff made a report to human resources and "began to retaliate against plaintiff by telling lies to management such as that Plaintiff was not patrolling and hiding out while not doing his job[]" and filed "false write-ups" about Plaintiff. *Id.* ¶ 19. There are no facts alleged as to when the lies were told, or to whom they were told. Likewise, regarding the "write-ups," it is unclear when they were made, how frequently, or what the content of the write-ups included.

Plaintiff also alleges that he "was written up for not wearing a mask" when he states he did in fact have a mask on and "[o]ther employees were not written up though they were . . . not wearing masks" *Id.* ¶ 22. The Amended Complaint does not elaborate any more as to the date of the write-up, who allegedly wrote Plaintiff up, or who the other employees also not wearing masks were.

While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. To state a claim in an employment discrimination case, a plaintiff must allege facts to give the defendant "fair notice of the basis" for the plaintiff's claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The facts as alleged do not give Defendant fair notice because they fail to include dates and necessary additional information, instead much of the Amended Complaint provides Defendant only with opinions and conclusions.

Further, Plaintiff does not allege an adverse employment action. At most, what Plaintiff alleges are rude comments and impolite behavior. *See Mitchell v. Univ. of N. Ala.*, 785 Fed. Appx. 730, 736 (11th Cir. 2019) ("[N]ot all conduct by an employer negatively affecting an employee constitutes an adverse employment action. Rather, an employee must show serious and material change in her employment conditions." (citations omitted)).

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that Defendant's Motion to Dismiss **(DE 6)** be, and the same hereby is, **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint **(DE 1-1)** is hereby **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 7th day of July, 2022.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:    All counsel of record